IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLEEN STPEHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-22-709-D |
| | ) |
| SECURITY FINANCE OF OKLAHOMA, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendants' Motion to Compel Arbitration and Stay Proceedings [Doc. No. 13] under the Federal Arbitration Act, 9 U.S.C. §§ 1-16. Defendants seek to enforce an arbitration agreement contained in a written employment agreement between Plaintiff Caroleen Stephen and Defendant Security Finance of Oklahoma, LLC ("SFO"). Plaintiff has filed a timely response [Doc. No. 21] in opposition to the Motion, and Defendants have replied [Doc. No. 24]. With permission, Plaintiff has also filed a surreply brief [Doc. No. 27] to address new matter in the reply. *See* 12/14/22 Order [Doc. No. 26]. The Motion is fully briefed and ripe for decision.[1]

**Factual and Procedural Background**

This case concerns SFO's termination of Plaintiff's employment in September 2021. Plaintiff claims her termination constituted age, gender, and religious discrimination in

---

[1] Defendants have moved to strike all but the last page of Plaintiff's surreply as exceeding the scope of the Court's authorization. *See* Defs.' Mot. Strike Pl.'s Surreply [Doc. No. 28]. For reasons that follow, the Court finds no need to address this Motion.

violation of the applicable federal and state statutes, and was retaliation for opposing discrimination and exercising her rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*.  Plaintiff alleges that SFO and Defendant Security Finance of Spartanburg ("SFS") are jointly liable on these claims because they were joint employers or "constitute an integrated enterprise." *See* Compl. ¶ 7.

In response to the Complaint, Defendants filed the instant Motion to enforce the arbitration provision of an employment agreement between Plaintiff and SFO dated April 17, 2017.  Through the declaration of SFO's senior vice president of operations, Dolan Pederson, Defendants present a copy of the agreement signed by SFO's president and Plaintiff, who was a vice president of operations.  *See* Defs.' Mot., Ex. 1, Pederson Decl. Ex. A [Doc. No. 13-1] (hereafter, "Employment Agreement").  The Employment Agreement provides for an at-will term, compensation, and job duties, and contains numerous provisions regarding conditions of employment, including the use of confidential information, non-solicitation and noncompetition, ownership of intellectual property, and, as critical here, arbitration of disputes.

Plaintiff does not deny the authenticity of the Employment Agreement or dispute the facts stated in Defendants' declaration.  Instead, Plaintiff challenges the validity of the Employment Agreement on two grounds:  1) it lacks consideration because consideration was based on mutual promises that are illusory; and 2) it contains unconscionable provisions.  Plaintiff presents her own declaration [Doc. No. 21-1] stating facts to support her opposition.

## Standard of Decision

The Federal Arbitration Act provides that "an agreement in writing to submit to arbitration an existing controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. The Act "reflects the fundamental principle that arbitration is a matter of contract." *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010). Under the Act, a court may decide "gateway" issues that determine the arbitrability of a dispute, such as whether the parties are bound by an arbitration agreement and whether it applies to a particular controversy. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *Rent-A-Center*, 561 U.S. at 68-69. When deciding whether the parties agreed to arbitrate a matter, "courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1255 (10th Cir. 2012). Similarly, in determining the validity of an arbitration agreement, federal courts may apply state law principles that govern the validity, revocability, and enforceability of contracts generally. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996).

Under Section 4 of the Act, "[w]hen parties dispute the making of an agreement to arbitrate, a jury trial on the existence of the agreement is warranted unless there are no genuine issues of material fact regarding the parties' agreement." *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997). The process for resolving a disputed motion resembles summary judgment practice:

3

> [T]he party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement and the opposing party's failure, neglect, or refusal to arbitrate; if it does so, the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an agreement or the failure to comply therewith. When a quick look at the case reveals that no material disputes of fact exist, a district court may decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration.

*BOSC, Inc. v. Bd. of Cnty. Comm's*, 853 F.3d 1165, 1177 (10th Cir. 2017) (internal citations and quotation marks omitted). In this case, the relevant facts are presented through the parties' declarations and are undisputed.

## Discussion

Plaintiff began working for SFO in 1993. In April 2017, she was required as a condition of continued employment to sign the Employment Agreement, which was drafted by SFO or its attorneys. SFO and its affiliated companies enter mandatory arbitration agreements like the one in this case with all operations employees.[2] The arbitration provision of Plaintiff's Employment Agreement, which was separately initialed by each party, states in pertinent part as follows:

> 22. <u>Arbitration</u>. STEPHEN AND THE COMPANY AGREE TO ARBITRATE ANY CLAIMS AND DISPUTES DESCRIBED IN SUBPARAGRAPH "A" BELOW. STEPHEN AND THE COMPANY FURTHER AGREE THAT SUCH ARBITRATION SHALL BE THE SOLE AND EXCLUSIVE REMEDY FOR RESOLVING SUCH CLAIMS AND DISPUTES, AND AGREE THAT THE DECISION OF THE ARBITRATOR(S) SHALL BE FINAL AND BINDING.

---

[2] "Affiliated Company" is defined in the Employment Agreement to mean all related entities as determined by provisions of the Internal Revenue Code. SFO and its affiliated operating companies maintain approximately 750 branch offices in the United States, including 84 in Oklahoma. SFS is the sole member of SFO.

Employment Agreement, p.14.  The arbitration agreement in paragraph 22 contains four subparagraphs:  "A. Claims and Disputes Subject to Arbitration;" "B. Claims and Disputes NOT Subject to Arbitration;" "C. Arbitration Procedure;" and "D. Miscellaneous Provisions."  *See id*. pp.14-18.  Part 4 of subparagraph D provides:

> (4)   Stephen's Right to Reject Arbitration Agreement.  If Stephen does not desire to be bound by this Arbitration Agreement, Stephen may send a letter of rejection, via certified mail return receipt requested, and post marked no later than thirty (30) days after the date of the execution of the Agreement to Company c/o Human Resources Department. P.O. Box 811, Spartanburg, SC 29304.  The letter shall include Stephen's name, address and a statement that Stephen rejects this Arbitration Agreement. . . . If not rejected, this Arbitration Agreement supersedes any prior Arbitration Agreement.

*Id*. p.18.  There is no evidence Plaintiff attempted to invoke this provision.  Other pertinent provisions of the arbitration agreement are discussed *infra*.

In opposition to arbitration, Plaintiff first attacks the validity of the Employment Agreement.  Plaintiff contends consideration for a valid contract was lacking because the material terms of the Employment Agreement "are so contradictory as to render any promise illusory."  *See* Pl.'s Resp. Br. at 3.  Plaintiff points to the following:  1) paragraph 2 of the Employment Agreement provides that either party may terminate the contract at any time, but paragraph 22(D)(3) states that it can only be revoked or modified by a writing signed by both parties; and 2) paragraph 19 of the Employment Agreement contains an integration clause, but paragraph 20 provides for construction consistent with SFO's personnel policies.  *See id*. at 3-4, 6-7.  Plaintiff states SFO had numerous policies codified in a personnel manual that was amended from time to time.  For legal authority, Plaintiff relies primarily on the holding of *Dumais v. American Gulf Corporation*, 299 F.3d 1216

5

(10th Cir. 2002), that an arbitration agreement contained in an employee handbook was illusory due to a handbook provision that allowed the employer to later modify the handbook and thus gave "one party the unfettered right to alter the arbitration agreement's existence or its scope." *Id*. at 1219.

Plaintiff's second ground of opposition – unconscionability – relies on certain provisions of the Employment Agreement and the circumstances under which it was made. Plaintiff highlights the facts that signing the Employment Agreement was a condition of retaining a job she had held for almost 28 years, she had no real bargaining power, and she was not advised to consult an attorney. Plaintiff complains that parts of the Employment Agreement, including the arbitration provision itself, favor the employer and shorten statutory time limits for certain claims, and that she was not given copies of the signed document or her personnel records. Defendants do not deny the Employment Agreement was a contract of adhesion, but they assert that an arbitrator should decide any issue of unconscionability and, in any event, the arbitration agreement is not unconscionable.

Upon consideration, the Court finds that Plaintiff's first challenge to the validity of the Employment Agreement as a whole fails under the Federal Arbitration Act's rule of severability. As recently explained by the Tenth Circuit:

> Section 2 of the Federal Arbitration Act established the "rule of severability," which means that an arbitration clause within a contract is "severable" from the remainder of the contract. *Rent-A-Center*, 561 U.S. at 70-71, 130 S.Ct. 2772; *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 447, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006). "Thus, a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Center*, 561 U.S. at 70, 130 S.Ct. 2772. For example, . . . a "claim[ ] of fraud in the inducement of [a] contract generally" cannot by itself prevent

6

a federal court from enforcing an arbitration clause embedded therein. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). For federal courts to review such a claim, the claim must be directed at the "arbitration clause itself." *Id*. at 403, 87 S.Ct. 1801.

*Fedor v. United Healthcare, Inc.*, 976 F.3d 1100, 1105 (10th Cir. 2020). Plaintiff's attack on the Employment Agreement based on "illusory" promises and inconsistent provisions is not directed at the arbitration agreement itself. Therefore, this attack does not prevent the enforcement of Plaintiff's agreement to arbitrate disputes.

Similarly, the rule of severability applies to a "delegation clause" within an arbitration agreement. A delegation clause "establish[es] that an arbitrator – instead of a court – would resolve disputes regarding the [agreement's] interpretation, enforceability, applicability, unconscionability, arbitrability or formation . . . ." *Fedor*, 976 F.3d at 1104. Defendants assert that any issue of unconscionability should be decided by an arbitrator because there is a delegation clause in the arbitration agreement (paragraph 22(c)(6) of the Employment Agreement, stated in bold print), and because the arbitration agreement incorporates procedural rules of the American Arbitration Association that authorize arbitrators to decide the issue. *See* Defs.' Reply Br. at 6 (citing Employment Agreement, § 22(c)(2)).³ This rule of severability was also explained by the Tenth Circuit in *Fedor*:

> [D]elegation clauses are severable and are thus considered separate from the rest of the arbitration contract. Therefore, if a party challenges the validity of an arbitration contract as a whole but fails to specifically challenge a delegation clause therein, then the delegation clause will typically require a court to compel arbitration and allow an arbitrator to determine whether the arbitration contract was indeed valid.

---

³ The Tenth Circuit has held that the incorporation of American Arbitration Association rules alone may be sufficient to delegate issues of arbitrability to the arbitrator. *See Dish Network, LLC v. Ray*, 900 F.3d 1240, 1245-46 (10th Cir. 2018).

*Fedor*, 976 F.3d at 1105. Applying this rule here, Defendants contend the Court should not decide Plaintiff's claim of unconscionability, even though it is partially directed at the arbitration agreement itself. *See* Defs.' Reply Br. [Doc. No. 24] at 5-7.

Upon consideration, the Court agrees that none of the issues raised by Plaintiff prevent an order compelling arbitration. Plaintiff does not dispute making the arbitration agreement or claim she exercised her right to reject it, nor does she deny agreeing to arbitrate the claims asserted in this case. At most, Plaintiff asserts that certain parts of the arbitration agreement are unfair and their enforcement would be unconscionable. Plaintiff makes no response to Defendants' delegation-clause argument, even though she was expressly authorized to file a surreply brief to address new matter raised in Defendants' reply. *See* 12/14/22 Order [Doc. No. 26]. Tenth Circuit case law is clear that a district court has no authority to reach the issue of unconscionability under these circumstances. *See*, *e.g.*, *Casa Arena Blanca LLC v. Rainwater*, No. 21-2037, 2022 WL 839800, *5 (10th Cir. Mar. 22, 2022) (unpublished) (district court erred in deciding issue of arbitrability after finding there was an arbitration agreement with a delegation clause).[4]

## Conclusion

For these reasons, the Court finds that Defendants are entitled under the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4, to an order compelling arbitration and staying this action until the arbitration is completed.

---

[4] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Arbitration and Stay Proceedings [Doc. No. 11] is **GRANTED**. This case is stayed pending the completion of arbitration and will be administratively closed by a separate order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Surreply in Opposition to Defendants' Motion to Compel Arbitration [Doc. No. 28] is **DENIED** as moot.

**IT IS SO ORDERED** this 20th day of January, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge